UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARLIN ENOS NELSON, | § | |
|           Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. H-03-3742 |
| | § | |
| DOUGLAS DRETKE | § | |
| Director, Texas Department of | § | |
| Criminal Justice, Correctional | § | |
| Institutions Division, | § | |
|           Respondent. | § | |

**ORDER**

Marlin Enos Nelson seeks relief from this Court's dismissal of his federal habeas petition because of its filing outside the Anti-Terrorism and Effective Death Penalty Act's ("AEDPA") one-year limitations period. When Nelson filed his motion for appointment of federal counsel on September 17, 2002, only 98 days remained to file a timely habeas petition. This Court appointed federal counsel on March 13, 2003, well after the time for filing a timely petition expired. Nelson filed his habeas petition on August 22, 2003. On March 31, 2005, this Court dismissed Nelson's habeas petition as time barred, finding that he did not show entitlement to statutory or equitable tolling. (Docket Entry No. 22).

Nelson filed a Motion to Alter and Amend Judgment Pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. (Docket Entry No. 24). Before judgment, Nelson summarily asked this Court to toll the limitations period because of delay between the filing of his motion for appointment of counsel and this Court's actual appointment of a legal representative. (Docket Entry No. 19). He provided no additional or supporting argument in his request for equitable tolling. Nelson's Rule 59(e) motion renews and expands on his previous argument. In addition, Nelson now asks that this Court toll the five months between the appointment of counsel and the filing of his habeas petition.

Nelson argues that "[f]ive months is not an excessive amount of time" to prepare his federal petition because the 98-day period left when this Court appointed counsel "was simply insufficient to prepare and file a federal habeas petition." (Docket Entry No. 19 at 5-6). Nelson also asserts that, for various reasons, he lacked sufficient resources to prepare his petition sooner. Respondent opposes Nelson's Rule 59(e) motion. (Docket Entry No. 27).

Federal procedure limits review after the entry of judgment. Altering, amending, or reconsidering a judgment under Rule 59(e) is an extraordinary measure that courts should use sparingly. *See* 11 CHARLES A. WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE & PROCEDURE § 2810.1, at 124 (2d ed. 1995). "Rule 59(e) does not set forth any specific grounds for relief." *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 174 (5th Cir. 1990), *cert. denied*, 510 U.S. 859 (1993). Nevertheless, "'[m]otions for a new trial or to alter or amend a judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence. These motions cannot be used to raise arguments which could, and should, have been made before the judgment issued. Moreover, they cannot be used to argue a case under a new legal theory.'" *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990) (quoting *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir. 1986)); *see also Dial One of the Mid-South, Inc. v. BellSouth Telecommunications, Inc.*, 401 F.3d 603, 606-07 (5th Cir. 2005). Due to the extraordinary nature of this remedy, the Fifth Circuit has found that the Rule 59(e) standard "favors denial of motions to alter or amend a judgment." *Southern Constructors Group, Inc. v. Dynalectric Co.*, 2 F.3d 606, 611 (5th Cir. 1993). As such, "the district court has considerable discretion in deciding whether to reopen a case in response to a motion for reconsideration arising under [Rule 59(e)]." *Lavespere*, 910 F.2d at 174.

The question of equitable tolling in this case involves two distinct periods: (1) the delay

before the appointment of counsel; and (2) the five months between counsel's appointment and the filing of Nelson's petition. Nelson's briefing before the entry of judgment only addressed the first time period.[1] In dismissing Nelson's petition, this Court noted Fifth Circuit precedent presuming that an inmate knows of the AEDPA's limitations period and upholding the expectation that a death-row inmate, while entitled to counsel, should act independently to preserve his ability to seek redress in federal court. *See Lookingbill v. Cockrell*, 293 F.3d 256, 264 (5th Cir. 2002) (finding that a capital inmate "was quite aware of the limitations period and could have filed a pro se skeletal petition during the pendency of his motion for appointment of federal habeas counsel. He did not. Consequently, he cannot succeed on this claim"), *cert. denied*, 537 U.S. 1116 (2003); *see also Rouse v. Lee*, 339 F.3d 238, 256 (4th Cir. 2003) (citing *Lookingbill* and finding that a "death sentence does not change the test we apply to determine if equitable tolling is warranted"), *cert. denied*, 541 U.S. 905 (2004). This Court recognized that Nelson could have filed a *pro se* skeletal petition during the pendency of his request for counsel to comply with the AEDPA's technical requirements.[2] This

---

[1] Nelson's Rule 59(e) motion states that he "did not seek equitable tolling on the basis of the delayed appointment alone." (Docket Entry No, 22 at 6). In one paragraph of his reply to Respondent's summary judgment motion, Nelson argued that "petitioner timely applied for appointment of counsel, but the Court did not make that appointment until March 13, 2003, after the limitations under the AEDPA ran. Because Nelson has been diligent through this process, equitable tolling should apply and the petition should be deemed timely filed." (Docket Entry No. 19 at 1-2). Nelson provided no additional argument for equitable tolling. Other than his cursory reference to being diligent, Nelson provided the Court with no basis to toll the second time period and identified no impediment to his prompt filing after counsel's appointment. This Court could not reasonably discern any argument before the entry of judgment that applied to the period after this Court appointed counsel.

[2] The Supreme Court recently held that FED. R. CIV. PRO. 15(a)'s relation-back requirements apply to any claims newly advanced after the expiration of the AEDPA's limitations period. *See Mayle v. Felix*, __ U.S. __, 125 S. Ct. 2562, 2574 (2005). While the *Felix* decision may now discourage the filing of an incomplete habeas petition subject to later amendment, at the time Nelson filed his habeas petition the Fifth Circuit avoided applying the AEDPA's limitations period to the amendment of habeas petitions. *See Janecka v. Cockrell*, 301 F.3d 316, 322, n.7 (5th Cir. 2002), *cert. denied*, 537 U.S. 1196 (2003).

3

Court, however, found that any grant of equitable tolling for the time Nelson lacked legal representation would be a hollow victory unless he could show some external impediment to his filing within 98 days of counsel's appointment. Nelson took five months to file his petition after this Court appointed counsel. Because he provided no excuse for his tardiness during that period, this Court denied equitable tolling.

Nelson again asks this Court for equitable tolling of the period he was without counsel, arguing primarily that he was not equipped to prosecute a habeas appeal on his own. Nelson already raised his arguments regarding the delayed appointment of counsel. In that regard, Nelson's Rule 59(e) motion endeavors to relitigate arguments that he has already raised in these proceedings. Arguments showing general disagreement with the entry of judgment are insufficient to warrant a setting aside of the judgment. *See Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir.) ("[S]uch a motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment."), cert. denied, ___ U.S. ___, 125 S. Ct. 411 (2004); 12 WRIGHT, MILLER & KANE, *supra*, § 2810.1, at 127-28 ("The Rule 59(e) motion may not be used to relitigate old matters[.]"). At any rate, as this Court held in its original Memorandum and Order, "[e]ven if this Court granted equitable tolling for the time until the appointment of counsel on March 13, 2003, Nelson would have had only 98 days left to file a federal habeas petition." (Docket No. 22 at 8). If this Court granted equitable tolling for that initial time period, Nelson would still need to show a sufficient basis to toll the five months after the appointment of counsel.

For the first time his Rule 59(e) motion, Nelson argues that external factors prevented him from filing his habeas petition expeditiously after counsel's appointment. Nelson complains that the complexity of this case forced him to delay filing his habeas petition. Nelson's federal counsel

4

provides an affidavit describing the difficulties he faced because Nelson's former attorneys did not maintain any record of their representation. Counsel also explains that he has yet to see the District Attorney's trial file. Nelson contends that the short time period, in confluence with the lack of records and his subjective expectation that this Court would equitably toll the limitations period,[3] operated as a barrier to filing a timely petition.

For the first time in his post-judgment pleadings, Nelson seeks to excuse his failure to file a timely petition after the appointment of counsel. Nelson could and should have raised these arguments before the entry of judgment. Arguments that a litigant could and should have made before the entry of judgment provide an insufficient basis for relief. *See Santa Fe Snyder Corp. v. Norton*, 385 F.3d 884, 893 (5th Cir. 2004) ("A Rule 59 motion 'may not be used to raise arguments . . . that could reasonably have been raised or presented before the entry of judgment.'"). For that reason alone, this Court could decline to reconsider its judgment. Nevertheless, even if this Court were to address Nelson's new arguments, he fails to provide a sufficient basis for equitable tolling.

"Generally, a litigant seeking equitable tolling bears the burden of establishing *two elements*: (1) that he has been pursuing his rights diligently, *and* (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, ___ U.S. ___, ___, 125 S. Ct. 1807, 1814 (2005) (emphasis

---

[3] Nelson explains that he "rationally concluded . . . that the district court's intent was to operate within the framework of equitable tolling due to the tardiness of the original appointment, the nature of Petitioner's claims, and the loss of his file by the State and every attorney that represented him previously." (Docket Entry No. 24 at 7). This Court never insinuated that Nelson merited equitable tolling as the issue had not come before the Court, especially because this Court had no knowledge of his claims or the difficulty he would have in developing them. It is telling that, notwithstanding his purported understanding that he would operate without time constraints, Nelson asked this Court to extend the limitations period for a length nearly equaling that remaining when he filed his motion for appointment of counsel. Nelson's efforts to extend the limitations period belie any understanding that he would operate completely outside the AEDPA's time constraints. Even if Nelson understood this Court to have tolled the period he was without counsel, nothing in this Court's actions gave him to understand that he could file at will without any temporal limitation.

added). Nelson's arguments do not make either showing. Nelson argues that he could not file his petition earlier because he never had access to the files of his former attorneys or the prosecution. Nelson states that he "still has not had access to any of these files." (Docket Entry No. 24 at 6). Nelson fails to recognize that, even without those files, he prepared and filed a federal habeas petition. While Nelson complains that the lack of available resources prevented his timely filing, he did not wait until the resources became available before preparing his federal petition.[4] Nelson has not shown the Court that the loss of those files handicapped him from filing during the remaining 98 days.[5] Apparently, he could have filed the same petition months before he did so. Even when Nelson asked for an extension of time to file his federal petition – a request that this Court could not honor due to federal precedent – he filed his petition significantly outside the requested extension of time.

Nelson simply has not shown diligence before or after this Court appointed counsel or that some impediment prevented him from filing his petition. A "petitioner's lack of diligence precludes equity's operation." *Pace*, ___ U.S. at ___, 125 S. Ct. at 1815. Nelson may be correct in observing that 98 days is a short time to prepare a comprehensive habeas petition. Yet if Nelson had not spent 258 days without actively seeking state relief, he would have enjoyed more time to prepare a federal

---

[4] Nelson's Rule 59(e) motion complains of the absence of records by previous attorneys and the prosecution in this case. He does not allege that he lacked access to the trial transcript or the record of his appellate and habeas proceedings which would identify exhausted grounds for relief. Nelson has not shown a lack of access to material identifying those issues he had already exhausted in state court, and, when he filed his federal petition, he only raised claims that he previously exhausted. *See Pacheco v. Rice*, 966 F.2d 904, 906-07 (5th Cir. 1992) ("Equitable tolling is appropriate when, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim.").

[5] While Nelson asks this Court to hold an evidentiary hearing on his Rule 59(e) motion, he does not suggest how that hearing would provide this Court with more or different information from that contained in his pleadings.

petition. The brevity of the 98-day period, insofar as it was an impediment to his filing a timely petition, was an impediment of Nelson's own creation. At most, Nelson shows that this Court appointed counsel to a difficult case in which the petitioner already expended most of his limitations period in state court and in which the records of previous counsel were not readily available. Those circumstances cannot form the basis for equitable tolling. "To hold otherwise would characterize as 'rare and exceptional' circumstances that countless other prisoners could claim as their own." *Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir.), *cert. denied*, 531 U.S. 1035 (2000); *see also Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) ("[T]he same concept would apply equally to many other prisoners and in different variations of delayed information, becoming a judicial tolling rule. Such broad decisions are for Congress, not equity."), *cert. denied*, 531 U.S. 1164 (2001).

This Court recognizes that the seemingly harsh limitations period denies federal habeas review to a man sentenced to death. Nevertheless, even if this Court forgave the time period before federal counsel represented Nelson, he still has not shown any external impediment to, or demonstrated alacrity in, the filing of his federal petition. The temporal limitations of the AEDPA and the constraints on the equitable-tolling doctrine bind this Court's actions. This Court, therefore, **DENIES** Nelson's motion to alter or amend.

**SIGNED** this 31st day of March, 2005.

_____
JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE